IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEROME LEWIS PETITIONER
ADC #83537

V. NO. 5:08cv00009 WRW-JWC

LARRY NORRIS, Director, RESPONDENT
Arkansas Department of Correction

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Jerome Lewis, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). Respondent concedes that Petitioner is in his custody but asserts that the petition should be denied for several reasons (doc. 5). Petitioner has replied (doc. 8). For the reasons that follow, the petition should be **denied**.

### I.
### Background

Following a jury trial in May 2005 in the Circuit Court of Phillips County, Arkansas, Petitioner was convicted of raping one of his daughters and sexually assaulting another daughter. He was sentenced as an habitual offender to 600 months of imprisonment for rape and 120 months for first degree sexual assault, to be served concurrently (doc. 9, att.

1, at 21-22).[1] In a direct appeal to the Arkansas Court of Appeals, Petitioner argued that the trial court erred in denying his motion for directed verdict regarding the rape charge (doc. 9, att. 1). His conviction was affirmed. *Lewis v. State*, No. CACR 05-1097, 2006 WL 1694909 (Ark. Ct. App. June 21, 2006) (doc. 9, att. 3). The mandate issued on July 11, 2006. *See* http://courts.state.ar.us/dockets/docket_info.cfm?case_number=CACR%2005-1097 (electronically retrieved June 25, 2008).

On September 7, 2006, Petitioner filed a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging: (1) his trial counsel was ineffective for failing to challenge the constitutionality of Ark. Code Ann. § 5-2-305, *et seq.* (speedy trial provisions), as a vague law in violation of due process; and (2) trial counsel was ineffective for failing to move for dismissal of the charges for violation of the speedy trial provisions of Ark. R. Crim. P. 28.1 (doc. 9, att. 9, at 6-15.) His petition was denied as without merit. *State v. Lewis*, No. 2004-31 (Phillips Co. Cir. Ct. May 29, 2007) (doc. 9, att. 9, at 21-22). The Arkansas Supreme Court dismissed his appeal, finding that, because the Rule 37 petition was not properly verified as required by Rule 37.1(c), the trial court did not err in denying the petition. *Lewis v. State*, No. CR 07-667, 2007 WL 2671282 (Ark. Sup. Ct. Sept. 13, 2007) (doc. 9, att. 8). There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner now brings this federal habeas petition, advancing the following claims:

1. His trial counsel was ineffective for failing to challenge the constitutionality of Ark. Code Ann. § 5-2-305 as being void for vagueness because

[1] Unless otherwise indicated, Respondent's exhibits were submitted as attachments to doc. 9.

it fails to specify when the mandatory limit of thirty days for a mental examination begins; and

2. His trial counsel was ineffective for not moving to dismiss on speedy trial grounds pursuant to Ark. R. Crim. P. 28.1 on the ground that § 5-2-305 was unconstitutionally vague and thus ineffective.

Respondent asserts that the petition should be dismissed for three reasons: (1) as barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d); (2) as procedurally defaulted because Petitioner failed to first properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991); and (3) as failing to establish that the state-court determinations on his claims were contrary to or an unreasonable application of clearly established federal law or were based on an unreasonable determination of facts, as required by 28 U.S.C. § 2254(d).

Because the Court finds that this petition is time-barred, it is unnecessary to address Respondent's other two arguments for dismissal.

## II.
## Statute of Limitations

A federal habeas petition challenging a state court's judgment of conviction must be filed within one year of the date upon which the state judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state post-conviction relief is pending is not counted toward the one-year limitations period. *Id.* § 2244(d)(2).

This case raises several issues regarding interpretation of these provisions.

### A. Section 2244(d)(1)(A): "Conclusion of Direct Review."

For purposes of the statute, a state criminal conviction becomes final upon "conclusion of direct review or the expiration of the time for seeking such review." *Id.* §

2244(d)(1)(A). “Direct review” encompasses review of the conviction by the United States Supreme Court. *Riddle v. Kemna*, 523 F.3d 850, 853 (8th Cir. 2008) (doc. 10). The Supreme Court can review only judgments of a “state court of last resort,” or of a lower state court if the state court of last resort has denied discretionary review. *Id.*; *see* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a) (Supreme Court can review by writ of certiorari “[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had”). Under Rule 13.1, a defendant must file a petition for writ of certiorari within ninety days from the entry of judgment by a state court of last resort or, if the judgment is from a lower state court, within ninety days from the entry of an order by the court of last resort denying discretionary review. If the Supreme Court has jurisdiction to review a particular state court decision, the “expiration of time for seeking [direct] review” under § 2244(d)(1)(A) includes this ninety-day period. *Riddle*, 523 F.3d at 853-55.

However, where a direct criminal appeal was decided by an intermediate appellate court rather than a state court of last resort, and the defendant did not seek review from a state court of last resort, the ninety-day period for seeking certiorari is not included in the § 2244(d)(1)(A) calculation. *Id.* at 855. Instead, the judgment becomes final for purposes of § 2244(d)(1)(A) upon conclusion of direct review under the state’s appellate procedure, which generally is issuance of the mandate by the intermediate court. *Id.* at 855-56 (Missouri law); *see Lawrence v. Florida*, 127 S. Ct. 1079, 1082-83 (2007) (Florida law); *Johnson v. State*, 900 S.W.2d 940, 951 (Ark. 1995) (“once the mandate has been handed

down, the disposition of the case becomes final"); Ark. Sup. Ct. R. 5-3(a) (in all cases, mandate will be issued when appellate decision becomes final).[2]

Here, the Arkansas Court of Appeals affirmed Petitioner's conviction on June 21, 2006. Petitioner did not file a petition for rehearing, or a petition for review by the Arkansas Supreme Court, *see* Ark. Sup. Ct. R. 2-3, 2-4, and the mandate thus issued on July 11, 2006. Petitioner asserts that he placed his § 2254 petition in the prison mailing system on January 12, 2008 (doc. 2, at 14), eighteen months later. This date is undisputed and is deemed to be the date of filing. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing).

The Court need not decide whether the Arkansas Court of Appeals is a state court of last resort under *Riddle*'s analytical framework[3] because, as explained below, the limitations period ran continuously from whatever date his conviction became final until the filing of this habeas petition. Even if given the benefit of the ninety-day certiorari period, Petitioner's habeas petition would still be untimely.

---

[2]Under the Arkansas procedures, an appellate decision is "not final until the time for filing [a] petition for rehearing or, in the case of a decision of the Court of Appeals, the time for filing a petition for review has expired or, in the event of the filing of such petition, until there has been a final disposition thereof." Ark. Sup. Ct. R. 5-3(a). A litigant has eighteen calendar days to petition for rehearing, *id.* 2-3(a), and, following a decision of the Arkansas Court of Appeals, eighteen days to petition the Arkansas Supreme Court for review, *id.* 2-4(a).

[3]"Identifying the state court of last resort requires an examination of the particular state court procedures." *Riddle*, 523 F.3d at 853. In *Riddle*, the Eighth Circuit's analysis focused on the Missouri Constitution's provisions regarding the state appellate courts, as well as the state rules governing transfers from the intermediate appellate court to the state supreme court. *Id.* at 853-55.

B. Section 2244(d)(2): "Properly Filed" State Post-Conviction Application.

As stated, time consumed by properly filed post-conviction proceedings in state court does not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Respondent contends that Petitioner's Rule 37 post-conviction petition was not "properly filed," and thus had no tolling effect, because it failed to comply with Rule 37's specific requirements regarding verification, as imposed by an amendment to Rule 37 effective March 1, 2006. Before then, Rule 37 stated only that any Rule 37 post-conviction petition had to be "verified." Ark. R. Crim. P. 37.1(d) (2005).[4] The March 1, 2006 amendment added the following subsection "to reduce the likelihood that the verification requirement would be overlooked by the petitioner or the courts":

> (c) The petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, in substantially the following form:
>
> AFFIDAVIT
>
> The petitioner states under oath that (he) (she) has read the foregoing petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.
>
> Petitioner's signature

[4]Verification was defined by the Arkansas Supreme Court as a "formal declaration made in the presence of an authorized officer, such as a notary public, or ...under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document." *Shaw v. State*, 211 S.W.3d 506, 507-08 (Ark. 2005).

> Subscribed and sworn to before me the undersigned officer this ___ day of ______, 20__.
>
> ________________________
> Notary or other officer

Ark. R. Crim. P. 37.1(c) & reporter's note (2006).

Petitioner filed a timely Rule 37 petition in the proper state circuit court on September 7, 2006. It was signed by him personally and also contained a signed and dated notarization on the last page, stating that it was "subscribed and sworn to" before a notary public (doc. 9, att. 9, at 14-15). The circuit court denied the petition on the merits without addressing any verification issue. In dismissing Petitioner's Rule 37 appeal, the Arkansas Supreme Court stated:

> Effective March 1, 2006, Rule 37.1 was amended to more clearly require that a petition filed under the rule be verified. That amendment provided the form of the affidavit to be attached to the petition. While appellant's petition was notarized, it did not contain an affidavit or statement substantially in the form of the affidavit required by Rule 37.1(c).
>
> Because appellant failed to meet the requirements for postconviction relief under Rule 37.1, the trial court did not err in denying appellant's petition. Although the trial court did not deny the petition based upon its lack of verification, the trial court could not consider the issues in the petition. *See Shaw v. State*, 211 S.W.3d 506 ([Ark.] 2005) (*per curiam*). As a result, appellant could not prevail on appeal.

*Lewis*, 2007 WL 2671282, at *1 (parallel citation omitted).

In *Walker v. Norris*, 436 F.3d 1026, 1030-32 (8th Cir. 2006), the Eighth Circuit held that a Rule 37 petition which failed to comply with the pre-March 2006 verification requirement was not "properly filed" for purposes of tolling the federal statute of limitations under § 2244(d)(2). *Walker* involved a petition signed by the petitioner but not notarized. Petitioner argues (doc. 8) that *Walker* does not govern because, here, he signed his

petition and had it notarized but failed to include an affidavit or statement in the form provided by the newly amended Rule 37.1(c). He contends that he was unaware of the recent change in the verification requirement and that such a drastic change should have been posted in the prison units so that pro se, incarcerated petitioners would have proper access to the amended rule. He asserts that the "arbitrary application of this new and highly prejudicial procedural rule amounts to an exorbitant application of a generally sound rule, thus making it inadequate to bar [federal habeas] consideration of his federal constitutional claim." He says this amounts to a state-created impediment and constitutes "extraordinary circumstances" that entitle him to equitable tolling of the federal limitations period and justify overlooking any alleged procedural default or § 2244(d) time bar.

While *Walker* did involve Rule 37's earlier verification requirement, it nonetheless unequivocally stands for the proposition that, when a state court dismisses a state post-conviction petition as invalid under state law, it is not "properly filed" for purposes of statutory tolling under § 2244(d)(2). *Walker*, 436 F.3d at 1030. In reaching this conclusion, the Eighth Circuit was not persuaded by the petitioner's arguments that the verification rule at issue there was not firmly established at the time he filed his petition, or his argument that the rule was not consistently applied because the Arkansas courts sometimes reached the merits of unverified petitions. *Id.* at 1031-32.

*Walker* relied heavily on the United States Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). At the time the petitioner in *Pace* filed his state post-conviction petition, the state had recently amended its post-conviction statute, and its application was unclear. The trial court denied it on the merits, but the state appellate court dismissed the petition as untimely based on its interpretation of the amended statute.

When the petitioner filed for federal habeas relief, the district court reasoned that the state petition was "properly filed" for purposes of tolling the federal limitations period because it complied with the filing requirements as they existed at the time, and further found that "extraordinary circumstances" allowed for equitable tolling. *Walker*, 436 F.3d at 1031 (describing *Pace* history). Ultimately, the United States Supreme Court disagreed, concluding that, because the state court rejected the petitioner's state post-conviction petition as untimely, it was not properly filed and he was not entitled to statutory tolling under § 2244(d)(2). *Id.* (citing *Pace*, 544 U.S. at 412-13, 417).

*Walker* and *Pace* are dispositive on the § 2244(d)(2) issue. Simply put, when a state court finds that a state post-conviction petition is invalid under state law, "that is the end of the matter" for purposes of determining whether it is "properly filed" under § 2244(d)(2). *Pace*, 544 U.S. at 414; *Walker*, 436 F.3d at 1032. The Arkansas Supreme Court found that Petitioner's Rule 37 petition did not meet the prescribed verification requirement; therefore, it was not a "properly filed" state post-conviction application for § 2244(d)(2) tolling purposes. Further, the fact that the state circuit court denied Petitioner's Rule 37 petition on the merits does not alter this conclusion. *Runyan v. Burt*, 521 F.3d 942, 944-45 (8th Cir. 2008) (state post-conviction petition that did not comply with verification and filing fee requirements was not "properly filed" for federal tolling purposes even though state courts addressed merits).

    C.    <u>Section 2244(d)(1)(B): State-Created Impediment</u>

The running of the federal limitations period may be delayed by an "impediment to filing [a federal habeas] application created by State action in violation of the Constitution or laws of the United States, ... if the applicant was prevented from filing by such State

action." 28 U.S.C. § 2244(d)(1)(B).[5] Most importantly, the language of § 2244(d)(1)(B) concerns impediments to the pursuit of *federal habeas relief*, not state post-conviction relief as Petitioner alleges here. Petitioner does not contend that he was unaware of the one-year federal limitations period or was prevented in any way from complying with it. In *Pace*, the Supreme Court addressed the apparent unfairness to habeas petitioners who spend years exhausting state remedies, only to discover their federal habeas petition is time-barred because their state petition was never "properly filed," stating that a prisoner seeking state post-conviction relief "might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416; *see also Runyan*, 521 F.3d at 946 n.4; *Walker*, 436 F.3d at 1030-31; *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 855-56 (8th Cir. 2003). Regardless of any uncertainty about his state court proceedings, nothing impeded Petitioner from filing a concurrent, protective habeas petition with the federal courts within the one-year time period.

Moreover, there is no requirement, constitutional or otherwise, that the ADC or any state officials inform state prisoners of changes in the law generally or, specifically, of amendments to the state post-conviction relief procedures. States are not constitutionally obligated to provide for post-conviction relief after a criminal defendant has failed to obtain relief through direct review of his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). States have "substantial discretion to develop and implement programs to aid

[5]Two other provisions for a delayed starting date are inapplicable as Petitioner does not identify any United States Supreme Court case announcing a newly recognized, retroactively applicable constitutional right, 28 U.S.C. § 2244(d)(1)(C), or allege the existence of any newly discovered factual predicates, *id.* § 2244(d)(1)(D).

prisoners seeking to secure post-conviction review." *Id.* at 559.  Prisoners are "not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003).  Like all litigants, prisoners are expected to exercise reasonable diligence to be aware of and comply with applicable filing requirements, both in state and federal court.

Finally, Petitioner has not demonstrated that any alleged shortcomings in the prison law library actually prevented him from filing a procedurally correct state post-conviction petition.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (actual-injury requirement for claim of unconstitutional denial of access to courts); *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (no unconstitutional state-created impediment under § 2244(d)(1)(B) where petitioner failed to show actual injury from allegedly inadequate law library and legal aides). Petitioner says the first published notice of the Rule 37 amendment that was immediately available to him was when the 2007 edition of the Arkansas Rules of Criminal Procedure was placed in the Cummins Unit law library sometime in 2007, months after expiration of his deadline for filing a Rule 37 petition.  However, Petitioner does not contend that he was denied access to computerized legal research or the assistance of library personnel, or that he was prevented in any way from utilizing the library's resources to ascertain Rule 37's current filing requirements.  Furthermore, the amendment at issue also appears in the 2006 edition of the Rules, noting that it would be effective March 1, 2006.  Petitioner does not contend that the prison law library did not contain the 2006 rules edition or that it was concealed from him.  In short, Petitioner has not established that the state prevented him from becoming aware of or complying with the applicable verification requirement.  More

significantly, as stated, he has not shown that any alleged deficiencies in the law library actually impeded him from raising his current claims in a timely *federal habeas petition*.

Section 2244(d)(1)(B) is inapplicable.

D.      Equitable Tolling.

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing of his federal habeas petition. *Lawrence*, 127 S. Ct. at 1085 (assuming without deciding that § 2244(d) allows for equitable tolling). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001).

Equitable tolling affords "an exceedingly narrow window of relief", and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan*, 521 F.3d at 945. It is not justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the failure to recognize the legal ramifications of actions taken in state post-conviction proceedings. *See, e.g., Lawrence*, 127 S. Ct. at 1085-86 (no equitable tolling due to legal confusion about whether limitations period tolled by certiorari

petitions, counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief); *Runyan,* 521 F.3d at 945-46 & n.4 (petitioner's failure to properly verify state post-conviction application and include requisite filing fee, and failure to protect himself by filing protective federal habeas petition)*; Finch*, 491 F.3d at 427-28 (petitioner's filing of three improper state post-conviction applications); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (petitioner's attempt to obtain state post-conviction counsel), *cert. denied*, 127 S. Ct. 946 (2007); *Walker*, 436 F.3d at 1032-33 (petitioner waited until shortly before filing deadline to send post-conviction petition to attorney, who did not know about verification requirement); *Maghee v. Ault*, 410 F.3d 473, 476-77 (8th Cir. 2005) (petitioner's misunderstanding of state post-conviction dismissal notice and failure to undertake any investigation to clear up confusion); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures); *Curtiss*, 338 F.3d at 855-56 (petitioner's failure to check status of his pending state-court complaint or file timely concurrent federal habeas petition); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law); *Baker*, 321 F.3d at 771-72 (incarcerated petitioner's limited law library access and alleged lack of notice of the statute of limitations); *Jihad*, 267 F.3d at 805-07 (petitioner's inability to obtain state post-conviction counsel, fact that petitioner wrote letters to trial judge inquiring about procedures for filing for post-conviction relief, and counsel's delay in sending petitioner his trial transcript).[6]

---

[6] *Riddle* held that equitable tolling may be justified where a petitioner establishes that he was lulled into inaction through reliance on subsequently abrogated Eighth Circuit law holding that a

As illustrated by the cases cited above, the obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition. Therefore, there were no "extraordinary circumstances" making it impossible for him to file a timely federal habeas petition and he is not entitled to equitable tolling.

## III. Conclusion

In summary, Petitioner filed his 28 U.S.C. § 2254 petition outside the limitations period provided in § 2244(d)(1), and he has not demonstrated that the limitations period should be tolled or extended under any statutory provision or equitable principles. Therefore, the petition (doc. 2) should be **denied** as untimely and this action should be **dismissed in its entirety with prejudice**.

DATED this 30th day of June, 2008.

UNITED STATES MAGISTRATE JUDGE

---

Missouri conviction became final ninety days after affirmance by the Missouri Court of Appeals. *Riddle*, 523 F.3d at 857-59. As the ninety-day period is immaterial here, the Court need not discuss the availability of equitable tolling on this basis.